# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CIVIL ACTION NO. 1:21-CV-01077 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | **DEFENDANT ST. EDWARD HIGH SCHOOL'S PARTIAL MOTION TO DISMISS COUNTS I AND II OF THE COMPLAINT FILED BY PLAINTIFF JOHN DOE** |
| | ) | |
| ST. EDWARD HIGH SCHOOL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant St. Edward High School ("St. Ed's"), by and through undersigned counsel, respectfully moves this Court for an Order dismissing Counts I and II of the Complaint filed against it by Plaintiff John Doe ("Plaintiff") because Plaintiff has failed to plead the necessary elements to support such claims. The grounds for this Motion are more fully set forth in the attached Memorandum in Support, which is incorporated herein.

Respectfully submitted,

*/s/ Richard H. Blake*
RICHARD H. BLAKE (0083374)
KARINA R. CONLEY (0093906)
THERESA M. LANESE (0097897)
McDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Phone: (216) 348-5400
Fax: (216) 348-5474
Email: rblake@mcdonaldhopkins.com
kconley@mcdonaldhopkins.com
tlanese@mcdonaldhopkins.com

*Attorneys for Defendants St. Edward High School, James Kubacki and KC McKenna*

{9781970:2 }

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ST. EDWARD HIGH SCHOOL'S PARTIAL MOTION TO DISMISS

**I.  INTRODUCTION**

Plaintiff John Doe's ("Plaintiff") Title IX claims against Defendant St. Edward High School ("St. Ed's") in Counts I and II of Plaintiff's Complaint should be dismissed, as a matter of law because Plaintiff has failed to plead and is unable to plead, the necessary elements to support such claims.

**II.  STATEMENT OF ALLEGED FACTS**

This action arises out of three alleged incidents in 2019 involving Plaintiff, a former student at St. Ed's, and J.W.[1], a current student at St. Ed's. *See* Compl. at ¶¶ 5, 15. St. Ed's did not learn of any of the alleged incidents until, at the earliest, over a year after the incidents occurred, or on or about September 3, 2020. Compl. at ¶ 58. Almost immediately thereafter, St. Ed's initiated an investigation of Plaintiff's allegations and reported the alleged incidents to the City of Lakewood Police Department. Compl. at ¶¶ 67, 69, 81. St. Ed's also suspended J.W. from in-person instruction and the St. Ed's cross country team for the remainder of the season. Compl. at ¶84.

Plaintiff and J.W. had no in-person interaction or communication after St. Ed's learned of Plaintiff's allegations on September 3, 2020. Compl. at ¶¶84, 87. Plaintiff voluntarily ceased attending in-person instruction at St. Ed's at the end of September 2020 and transferred from St. Ed's in December 2020. Compl. at ¶¶87-89, 118. J.W. remained suspended from in-person instruction from September 3, 2020 until October 2020—well after Plaintiff ceased attending in-person instruction at St. Ed's—and remained suspended from St. Ed's cross-country team for the entirety of the fall cross-country season. Compl. at ¶84.

---

[1] J.W. (a minor) is referred to as "Delinquent 1" in the Complaint.

**III.     LAW AND ARGUMENT**

    **A.     Legal Standard.**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (abrogated on other grounds by *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, (2001)). "If as a matter of law it is clear that no relief could be granted under any sets of facts that could be proved consistent with the allegations, a claim must be dismissed." *Neitzke v. Williams,* 490 U.S. 319, 327, S.Ct. 1827, 103 L.Ed.2d 338 (1989) (quotation omitted). Dismissal under Fed. R. Civ. P. 12(b)(6) streamlines litigation by "dispensing with needless discovery and fact finding" on claims that are legally untenable in the first place. *Neitzke*, 490 U.S. at 326-27.

    **B.     Analysis.**

        **a.     Plaintiff's Title IX Claim Against St. Ed's In Count I Of The Complaint Should Be Dismissed Because No Further Incidents Of Alleged Sexual Harassment Occurred *After* St. Ed's Learned Any Of The Alleged Previous Incidents Between Plaintiff And J.W.**

Plaintiff fails to state a claim for relief under Title IX in Count I of the Complaint because Plaintiff failed to plead, and cannot plead, any further incident of alleged sexual harassment after St. Ed's had actual knowledge of any of Plaintiff's initial allegations regarding J.W.

Title IX states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program receiving Federal financial assistance...." 20 U.S.C. § 1681(a). Under Title IX's purview, it is well established that in certain limited circumstances federally funded schools may be directly liable for an inadequate response to allegations of student-on-student harassment. *See Doe v. Univ. of Ky.*, 959 F.3d 246, 250 (6th Cir. 2020); *Davis v. Monroe County Board of Education*, 526 U.S.

629, 643, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999),. However, "[b]y design and effect…[a] Title IX private cause of action against a school for its response to student-on-student sexual harassment is a 'high standard" that applies only in certain limited circumstances." *Kollaritsch v. Michigan State Univ. Bd. of Trustees*, 944 F.3d 613, 623 (6th Cir.),(quoting 526 U.S. at 643). Indeed, such circumstances require a Plaintiff to "plead, and ultimately prove, an incident of actionable sexual harassment, the school's actual knowledge of it, **some further incident of sexual harassment**, that the further harassment would not have happened but for the objective unreasonableness (deliberate indifference) of the school's response, and that the Title IX injury is attributable to the post-actual knowledge further harassment*." Id.*

Here, Plaintiff failed to plead, and cannot plead, a further incident of actionable sexual harassment after St. Ed's learned of the alleged initial incidents of sexual harassment in September 2020. *See*

In the Complaint, Plaintiff alleges that three alleged incidents of sexual harassment occurred involving J.W.: (1) one at a NEO XC Camp in July 2019; (2) one at a pre-meet dinner on September 6, 2019; and (3) one at an overnight trip on September 20, 2019. Compl. at ¶¶ 16-21, 29-31, 37-45. Plaintiff (through his parents), however, did not notify anyone at St. Ed's of the alleged incidents until a year later in September 2020. Compl. at ¶¶ 16-21, 29-31, 37-45.

Plaintiff does not allege that Plaintiff had any further contact with J.W. after September 2020, nor can he. Compl. at ¶¶84, 87. Upon learning of Plaintiff's allegation, St. Ed's immediately initiated an investigation, reported the alleged incidents to the City of Lakewood Police Department, and suspended J.W. from in-person instruction and from the cross-country team at St. Ed's. Compl. at ¶¶ 67, 69, 81. Plaintiff also ceased attending in-person instruction at St. Ed's before the conclusion J.W.'s suspension. Compl. at ¶¶87, 89, 118. Accordingly, there was not and could

not have been any further act of sexual harassment because St. Ed's prevented any in-person interaction between Plaintiff and J.W. while Plaintiff remained enrolled a student at St. Ed's. Compl. at ¶¶87, 89, 118.

Accordingly, Plaintiff's Title IX Claim in Count I of the Complaint fails as a matter of law.

C. **Plaintiff's Title IX Retaliation Claim Against St. Ed's In Count II Of The Complaint Should Be Dismissed Because St. Ed's Took No Adverse School-Related Action Against Plaintiff.**

Plaintiff fails to state a claim for relief under Title IX in Count II of the Complaint because Plaintiff failed to plead, and cannot plead, that St. Ed's took any adverse school-related section against Plaintiff after Plaintiff engaged in protected activity in September 2020.

In *Jackson v. Birmingham Bd. Of Educ.*, the United States Supreme Court explained that "when a federally-funded educational institution retaliates against a person *because* he complains of sex discrimination, this constitutes intentional discrimination on the basis of sex, in violation of Title IX." *Jackson v. Birmingham Bd. Of Educ.*, 544 U.S. 167, 174, 125 S.Ct. 1497 (2005). The Supreme Court has never spelled out the specific elements of such a retaliation claim. *Bose v. Bea*, 947 F.3d 983, 988 (6th Cir.2020), cert. denied, 141 S.Ct. 1051, 208 L.Ed.2d 521 (2021). The Sixth Circuit, however, has analogized Title IX retaliation claims to Title VII retaliation claims, holding that a plaintiff asserting a Title IX retaliation claim must demonstrate that: " (1) he engaged in protected activity, (2) [the funding recipient] knew of the protected activity, (3) he suffered an adverse school-related action, and (4) a causal connection exists between the protected activity and the adverse action." *Gordon v. Traverse City Area Pub. Schs.*, 686 F. App'x 315, 320 (6th Cir.2017); *Bose*, 947 F.3d at 988-89 (applying these elements to a Title IX retaliation claim); see also *Herman v. Ohio Univ.*, Case No. 2:19-CV-201, 2019 WL 6255684, at *8 (S.D. Ohio Nov.

22, 2019) ("Title IX retaliation claims are analyzed pursuant to the same legal framework as Title VII retaliation claims.").

In support of Plaintiff's Title IX retaliation claims, Plaintiff alleges that:

- "Defendants have retaliated against Plaintiff in violation of Title IX by, inter alia, failing to properly investigate his claims of discrimination and sexual assault." Compl. at ¶ 130.

- "Defendants deliberately provided insufficient information and directives to students to deduce that Plaintiff was the complaining party." *Id*. at ¶ 131.

- "In doing so, Defendants exacerbated the intimidation, hazing, and abusive treatment toward Plaintiff by the students." *Id*. at ¶ 131.

Plaintiff's bare bone allegations that St. Ed's did not properly investigate Plaintiff's allegations and/or revealed Plaintiff as a complainant,[2] which resulted in alleged improper treatment from other students on social media (a platform which St. Ed's has no control over), do not rise an "adverse school-related action" sufficient for a claim of Title IX retaliation. *See Doe C.D. v. Career Tech. Center of Lackawanna Cty.,* No. CV 3:20-0088, 2020 WL 1165837, at *15 (M.D. Pa. Mar. 11, 2020), *reconsideration denied sub nom. Doe C.D. v. Career Technology Ctr. of Lackawanna Cty.,* (plaintiff failed to alleged facts that show "defendant[s] intentionally chose to fail in [their] remedial efforts in order to subject plaintiff to additional [abuse] and harassment for reporting the same"); *S.K. v. N. Allegheny Sch. Dist.,* 168 F. Supp. 3d 786, 805 (W.D. Pa. 2016) ("The mere possibility that defendant intentionally failed to curb the harassment by plaintiff's

---

[2] Evidence will ultimately show that Plaintiff was not the actual complainant in this case. Rather, Plaintiff's mother reported the alleged incidents to St. Ed's after going through her son's phone and asked that St. Ed's not inform Plaintiff that his mother was the one who made the complaint so that Plaintiff didn't know that his mother had gone through his things.

fellow students falls short of the plausible showing of intentional conduct needed to identify a form of materially adverse action needed to state a claim for retaliation.").

As explained above, as soon as St. Ed's learned of any of the alleged incidents in September 2020, St. Ed's suspended J.W., informed the City of Lakewood Police Department and commenced an internal investigation. ¶¶ 67, 69, 81. St. Ed's also ensured that there would be no further in-person contact between Plaintiff and J.W. at St. Ed's or St. Ed's sponsored events by suspending J.W. from both school and St. Ed's cross-country team. Compl. at ¶84.

Put simply, Plaintiff has not pled, and cannot plead, any facts of adverse school-related action by St. Ed's to form the basis of his Title IX retaliation claim and, therefore, Plaintiff's Title IX retaliation claim against St. Ed's should be dismissed.

## IV. CONCLUSION

Based on the foregoing, St. Edward High School respectfully requests that this Court enter an Order dismissing Counts I and II of Plaintiff's Complaint, against it, with prejudice.

DATE: September 17, 2021

Respectfully submitted,

/s/ Richard H. Blake
RICHARD H. BLAKE (0083374)
KARINA R. CONLEY (0093906)
THERESA M. LANESE (0097897)
McDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Phone: (216) 348-5400
Fax: (216) 348-5474
Email: rblake@mcdonaldhopkins.com
kconley@mcdonaldhopkins.com
tlanese@mcdonaldhopkins.com

*Attorneys for Defendants St. Edward High School, KC McKenna and James P. Kubacki*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Richard H. Blake*
RICHARD H. BLAKE (0083374)

*One of the Attorneys for Defendants St. Edward High School, KC McKenna and James P. Kubacki*
